21 N.J. Super. 541 (1952)
91 A.2d 409
CITY OF RAHWAY, PLAINTIFF-APPELLANT,
v.
RARITAN HOMES, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1952.
Decided October 3, 1952.
*542 Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. James F. Patten argued the cause for the appellant.
Mr. Huyler E. Romond argued the cause for the respondent (Messrs. Toolan, Haney & Romond, attorneys; Mr. John E. Toolan, of counsel).
The opinion of the court was delivered by BIGELOW, J.A.D.
The City of Rahway appeals from an order of the Chancery Division which denied a motion for an interlocutory injunction restraining the defendant from selling any part of certain lands in Rahway.
The action is based on R.S. 40:55-15, as amended. The section is part of Article I comprising 21 sections which have their source in L. 1930, c. 235. The article, as amended, *543 authorizes the appointment of a municipal planning board whose initial task is the preparation of a master plan for the physical development of the municipality. The master plan may then be established by ordinance as the "official map of the municipality." Sections 12 to 15 relate to subdivisions of land within the municipality. The governing body may, by ordinance, authorize the planning board to adopt regulations governing the subdivision of land and to approve or disapprove any plat of a subdivision submitted to it, "taking due regard to its conformity with the master plan and with the official map." Any landowner aggrieved by the action of the planning board with respect to a plat may appeal to the governing body which, after hearing, may overrule the planning board. No plat of a subdivision shall be accepted for filing by the county clerk or register of deeds until it has been approved by the planning board or the governing body. Now comes the provision on which the plaintiff relies: If a landowner transfers or sells or agrees to sell any land which forms part of a subdivision before such division has been approved, the municipality may maintain a suit to restrain the sale and to set aside any conveyance by which the transfer has been made.
In the case before us, the defendant owns a considerable tract of land in Rahway on which it has built a number of duplex dwellings which it is offering separately for sale. These are the sales which plaintiff seeks to enjoin.
But the plaintiff has not taken advantage of the statute by establishing a planning board. It has no master plan for the development of Rahway, and no regulations governing the subdivision of land. Study of the statute makes clear that Article I must be considered as a unit. Section 15 is not meant to stand alone; it does not apply to all municipalities, but only to those that have created planning boards and in other respects have exercised the powers offered by R.S. 40:55-1 to 21. For this reason, we affirm the order of the Chancery Division without considering the other matters discussed by counsel.