25 N.J. Super. 32 (1953)
95 A.2d 422
BOROUGH OF OAKLAND, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
EMIL ROTH AND ELLA MAE ROTH, HIS WIFE, ALICE E. CASELLA AND CHARLES N. CASELLA, HER HUSBAND, GARRETT W. JUNTA AND ETHEL A. JUNTA, HIS WIFE, AND SHIRLEY TINTLE AND DONALD TINTLE, HER HUSBAND, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 20, 1953.
*34 Messrs. Weber & Muth, attorneys for plaintiff.
Mr. James A. Major, attorney for defendants Roth.
Mr. James I. Toscano, attorney for defendants Casella.
Messrs. McDonald & Podesta, attorneys for defendants Tintle.
Mr. Theodore D. Parsons, Attorney-General.
GRIMSHAW, J.S.C.
From the complaint filed in this cause it appears that the defendant Roth is the owner of a large tract of land in the Borough of Oakland, across which he has heretofore laid an unpaved street called Martha Place. On August 28, 1951 Roth conveyed a lot facing on Martha Place to the defendant Alice E. Casella. On December 1, 1951 Roth conveyed another lot facing on Martha Place to the defendant Junta, and on December 15, 1951 Roth conveyed still a third lot facing on Martha Place to the defendant Tintle. The plaintiff alleges that the lands so conveyed are part of a subdivision as defined by R.S. 40:55-1, and that the conveyances were made without approval of such subdivision first having been obtained from the Planning Board of the Borough of Oakland.
Plaintiff demands that the conveyances to Casella, Tintle and Junta, respectively, be set aside and that the defendant Roth be enjoined from making further conveyances until the subdivision has received the approval of the planning board. In support of its demand the borough invokes the provisions of the Planning Act, N.J.S.A. 40:55-1 et seq., and particularly *35 N.J.S.A. 40:55-15. That section of the act is as follows:
"If any owner or agent of any owner of any land transfers or sells or agrees to sell any land which forms a part of a subdivision as defined in this Title, before such subdivision has been approved by the approving agency, whether the planning board or governing body, the municipality in addition to any other remedy shall be entitled to institute and maintain a civil action in the Superior Court of New Jersey to restrain the transfer or sale or the performance of the agreement of sale and to set aside and invalidate any conveyance made pursuant to such transfer or sale. In any such action the transferee, purchaser or grantee of such land may be made a party or, if not made a party, may intervene therein, and the said transferee, purchaser or grantee shall be entitled to a lien upon the whole parcel, tract or plot of land from which the subdivision was made to secure the return of any deposit made or purchase price paid, and, also, a reasonable search fee, survey expense and title closing expense, if any. The said court shall have full jurisdiction to afford the said relief to the municipality and to the said transferee, purchaser or grantee, including the enforcement of said lien, and to afford incidental relief to any of the parties to such action. The right to bring any such action shall expire two years after the date of the recording of the instrument of transfer, sale or conveyance of said land and no such action shall be commenced after such expiration.
The provisions of this section shall not apply in any case in which the planning board shall have waived the requirements of its approval of the subdivision, and the governing body of the municipality may by resolution expressly waive the said requirements." As amended L. 1948, c. 464, p. 1908, sec. 6; L. 1950, c. 67, p. 124, sec. 8; L. 1951, c. 213, p. 768, sec. 1."
The defendant Junta has defaulted. The defendants Casella and Tintle have filed answers and cross-claims against the defendant Roth in which they seek a lien upon the property for their expenses and the amount of the purchase price paid, as authorized by statute. The defendant Roth moves to dismiss the complaint upon the ground that it does not set forth a cause of action. The charge is that N.J.S.A. 40:55-15 is unconstitutional. Upon notice the Attorney-General intervened.
The complaint is defective in a number of particulars. It fails to allege the appointment of a planning board. N.J.S.A. 40:55-3. There is nothing in the complaint *36 from which it might be concluded that a master plan was prepared and adopted. N.J.S.A. 40:55-6. Further, there is no allegation that the municipal body of the Borough of Oakland has at any time authorized its planning board to adopt regulations governing subdivisions of lands. N.J.S.A. 40:55-12. See City of Rahway v. Raritan Homes, Inc., 21 N.J. Super. 541 (App. Div. 1952). Since, however, none of the defendants has questioned the complaint in any of these particulars, it may be assumed that the defects could be cured by a further amendment.
The charge that N.J.S.A. 40:55-15 is unconstitutional is another matter. After enumerating the penalties to be imposed upon an owner who fails to obtain approval of a subdivision, the statute continues:
"The provisions of this section shall not apply in any case in which the planning board shall have waived the requirements of its approval of the subdivision, and the governing body of the municipality may by resolution expressly waive the said requirements."
In Van Riper v. Traffic Tel. Workers' Fed. of N.J., 2 N.J. 335 (1949), the Chief Justice, at page 353, had this to say concerning the delegation of power by the Legislature:
"While there is no doubt that the legislature may delegate to an administrative body the exercise of a limited portion of its legislative power with respect to some specific subject matter, such delegation of legislative power must always prescribe the standards that are to govern the administrative agency in the exercise of the powers thus delegated to it. As was said in State Board of Milk Control v. Newark Milk Co., 118 N.J. Eq. 504 (E. & A. 1935), at pp. 521-522:
`The legislature indubitably has power to vest a large measure of discretionary authority in the agency charged with the administration of a law, enacted in pursuance of the police power, to secure the health and safety of the people. This authority is one of common exercise; it invokes the principle that sustains rate making laws, and the authority vested in examining and control boards created to regulate the professions, trades, businesses, and other callings, deemed by the law-making body to be the proper subjects of governmental supervision. It is only necessary that the statute establish a sufficient basic standard  a definite and certain policy and rule of action for the guidance of the agency created to administer the law.'
*37 See, also, Veix v. Seneca Building & Loan Ass'n., 126 N.J.L. 314, 321 (E. & A. 1941). If no standards are set up to guide the administrative agency in the exercise of functions conferred on it by the legislature, the legislation is void as passing beyond the legitimate bounds of delegation of legislative power and as constituting a surrender and abdication to an alien body of a power which the Constitution confers on the Senate and General Assembly alone."
Judged by the above-stated rule, N.J.S.A. 40:55-15 is unconstitutional. The Legislature has failed to provide adequate standards by which the zoning board and the governing body of the borough are to be guided in the exercise of the power to waive the statutory requirements for approval of subdivisions. In effect, they are given an unlimited power to nullify statutory provisions. This makes possible special and unreasonable discrimination in the administration of the law.
The complaint will be dismissed.